1  STEVE W. BERMAN (*pro hac vice*)
   *steve@hbsslaw.com*
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 8th Avenue, Suite 3300
3  Seattle, WA  98101
   Telephone:  (206) 623-7292
4  Facsimile:  (206) 623-0594

5  *Attorneys for Plaintiff and the Proposed Class*

6  IRELL & MANELLA LLP
   John C. Hueston (164921)
7  *jhueston@irell.com*
   Andra B. Greene (123931)
8  *agreene@irell.com*
   Steven N. Feldman (281405)
9  *sfeldman@irell.com*
   John G. Snow (280790)
10 *jsnow@irell.com*
   840 Newport Center Drive, Suite 400
11 Newport Beach, CA 92660-6324
   Telephone:   (949) 760-0991
12 Facsimile:    (949) 760-5200

13 *Attorneys for Defendants*

14 [Additional counsel on signature page]

15        **UNITED STATES DISTRICT COURT**

16        **CENTRAL DISTRICT OF CALIFORNIA**

17            **SOUTHERN DIVISION**

18

| | |
|---|---|
| 19  JOSETTE RUHNKE, an individual, *et al.*; on behalf of herself and all others 20  similarly situated, | No. 8:14-CV-00420-DOC (RNBx) |
| 21                              Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING** |
| 22       v. | **CONFIDENTIAL INFORMATION** |
| 23  SKINMEDICA, INC., a Delaware Corporation, and ALLERGAN, INC., a 24  Delaware Corporation, | Judge:   Hon. Robert N. Block Crtrm:   6D |
| 25                          Defendants. | Complaint filed: March 19, 2014 |

26

27

28

It is stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged by the parties in this action.  Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or resolving this litigation is warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions, or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 and the local rules of the District Court judge set forth the standards to be followed when a party seeks to file material under seal.  The restrictions, if any, that will govern the use of confidential information at trial will be determined at a later date by the Court.

It is ORDERED as follows:

1.      This Order shall govern all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this litigation ("Discovery Materials").

2.      Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" pursuant to the terms of this Order.  Discovery Materials designated "CONFIDENTIAL" will be referred to as "Designated Materials."  Any third party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials pursuant to this Order only if an authorized representative of the producing third party executes a written

acknowledgment, substantially in the form of Exhibit 1 annexed to this Order, that the non-party has reviewed a copy of this Order, will comply with its terms, and will submit to adjudication by the Court of any dispute regarding that third-party's designations under this Order, enforceable by and subject to the jurisdiction of the District Court as may be necessary.

a.   All designations must be made in good faith and on reasonable belief that the information or item being designated accurately meets the definition of "CONFIDENTIAL."

b.   A party or non-party that designates Discovery Materials as "CONFIDENTIAL" ("Designating Party") must designate for protection, where practicable, only those parts of the material, documents, items, or communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

c.   Except as otherwise provided in this Order, e.g., with respect to deposition testimony as provided in Section 9(b) below, or as otherwise stipulated or ordered, disclosure of Discovery Materials that qualify for protection under this Order must be clearly so designated before being disclosed or produced.

d.   Materials marked "CONFIDENTIAL" shall be non-public Discovery Materials that the "Designating Party" in good faith believes qualify for protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure because they are  trade secrets or other confidential research, development, or commercial information that will, if disclosed, have the effect of causing harm to the Designating Party's competitive position.

3.   The party that receives Designated Materials ("Receiving Party") shall use the Designated Materials solely for purposes of this litigation or any related litigation proceedings between the parties, but not for any other purpose whatsoever

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3142149

- 2 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 (including that such materials may not be disseminated to the media or general
2 public).

3       4.      Unless otherwise ordered by the Court or permitted in writing by the
4 Designating Party, the Receiving Party may disclose materials marked
5 "CONFIDENTIAL" only to:

6       a.      any individual who is a party; any officer, director, or employee
7 (including in-house counsel) of a party; or any former officer, director, or employee
8 of a party to whom it is deemed reasonably necessary that the Designated Materials
9 be shown for purposes of the litigation and who has executed the
10 "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided
11 the Designated Materials;

12       b.      the Receiving Party's outside counsel, law firms with whom
13 outside counsel may associate to work on this litigation, their associated attorneys,
14 and their support staff, including paralegals and other professional personnel
15 (provided the support staff are reasonably needed to assist such counsel with this
16 litigation), persons or entities that provide litigation support services (*e.g.*,
17 photocopying; videotaping; translating; preparing exhibits or demonstrations;
18 organizing, storing, retrieving data in any form or medium; etc.) and their
19 employees, independent contractors and subcontractors (provided the support staff
20 are reasonably needed to assist such counsel with this litigation);

21       c.      persons retained by a party or its counsel to serve as an expert
22 witness or a consultant in this litigation to whom disclosure is reasonably necessary
23 for this litigation and who have executed the "Acknowledgement and Agreement to
24 Be Bound" (Exhibit 1) before being provided the Designated Materials;

25       d.      witnesses in the course of deposition or hearing where counsel
26 has a reasonable and good faith belief that examination with respect to the
27 Designated Materials is reasonably necessary, and any person being prepared to
28 testify where counsel has a reasonable and good faith belief that such person will be

a witness in this action and that his examination with respect to the Designated Materials is reasonably necessary in connection with such testimony; persons to whom Designated Materials are disclosed pursuant to this subparagraph shall not be permitted to retain copies of the Designated Materials without the written consent of the Designating Party;

e.      any authorized representative of an insurer or other person providing or potentially providing indemnity with regard to the litigation, provided that any such person shall be advised that they are subject to the terms of this Order before being provided Designated Materials;

f.      the author or recipient of the Designated Materials or a custodian or other person who otherwise possessed or knew the information contained or reflected in the Designated Materials;

g.      court reporters and their staff, persons preparing transcripts of depositions, professional trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided the Designated Materials; and

h.      the District Court and its personnel.

5.      Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Order, or otherwise required by law.  Copies of Designated Materials shall be made only to the extent reasonably necessary to facilitate permitted use under this Order.  This Section 5 does not impose any affirmative obligations on the Court or court personnel.

6.      The recipient of Designated Materials provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and

dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summary or abstraction is reasonably necessary for purposes related to this lawsuit. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order, and labeled in the same manner as the Designated Materials on which they are based.

In the event a party deems it reasonably necessary or appropriate to disclose any Designated Materials to any person not specified in Section 4, that party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made.  The proposed disclosure shall not be made absent written permission of the Designating Party, unless the party wishing to make the proposed disclosure obtains an order from the Court permitting the proposed disclosure.  Counsel shall obtain from all persons to whom disclosures are made pursuant to this Section 6 a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Order, will comply with its terms in all respects, and agrees to adjudication by the Court as may be necessary, of any dispute about whether such person or persons have complied with the terms of this Order.  This paragraph does not apply to a disclosure made pursuant to a lawful subpoena.  This Section 6 does not impose any affirmative obligations on the Court or court personnel.

7.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent or unintentional disclosure of Discovery Materials protected by any privilege or work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent production of Discovery Materials subject to the attorney-client

privilege or work-product immunity shall not waive the privilege or immunity if a written request for the return of such documents or information is made promptly after the producing party learns of its inadvertent production. The Designating Party may represent in its written request for the return of such documents that the production of such information was inadvertent, which representation shall create a presumption that the production was inadvertent (excluding information provided in response to depositions, interrogatories, or requests for admissions). The Designating Party's use of document reviewers of the Designating Party's choosing (including, but not limited to, contract reviewers) in order to review documents prior to production, who use search terms selected by the Designating Party that are reasonably calculated to identify potentially privileged documents, shall be deemed reasonable steps to prevent inadvertent disclosure of privileged information. Upon such a written request, the Receiving Party shall return to the producing party the Discovery Materials subject to the privilege or work-product immunity. The written request shall identify the information and the basis for requesting its return. If a Receiving Party receives information that the Receiving Party believes to be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

8.    When a Receiving Party identifies Designated Materials in its possession that it believes to be subject to a claim of privilege or work product protection by the Designating Party, the Receiving Party 1) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 2) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof. Notwithstanding this provision, no party shall be required hereunder to return or destroy any information that may exist on any electronic backup system.

9.    The Designating Party shall designate Discovery Materials "CONFIDENTIAL" as follows:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3142149
- 6 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

1        a.     for paper or electronic information in documentary form (*e.g.*,

2 paper or electronic documents, but excluding transcripts of depositions), designation

3 shall be made by placing the legend "CONFIDENTIAL" on each page that contains

4 protected material prior to production; if only a portion or portions of the material

5 on a page qualifies for protection, the Designating Party also must clearly identify

6 the protected portion(s) (*e.g.*, by making appropriate markings in the margins);

7        b.     for testimony given in deposition, designation of the portion of

8 the transcript (including exhibits) as "CONFIDENTIAL" shall be made by a

9 statement to such effect on the record in the course of the deposition or, upon review

10 of such transcript, by counsel for the party to whose protected material the deponent

11 has had access. If a portion of a deposition is designated as "CONFIDENTIAL"

12 before the deposition is transcribed, the transcript containing or reflecting protected

13 materials shall be bound in a separate volume marked "CONFIDENTIAL" or as

14 appropriate. If a portion of a deposition is designated as "CONFIDENTIAL" during

15 the course of a deposition, counsel may request that all persons, except persons

16 entitled to receive Designated Materials pursuant to this Order, leave the room while

17 the deposition is proceeding until completion of the answer or answers containing

18 protected material. If a portion of a deposition is designated as "CONFIDENTIAL"

19 after the deposition is transcribed, counsel shall list on a separate piece of paper the

20 page numbers of the transcript containing protected material and shall mail copies of

21 the list to counsel for all parties within twenty (20) days after receipt of the certified

22 transcript from the court reporter so that it may be affixed to the face of the

23 transcript and each copy thereof, unless a motion is due to be filed, in which case the

24 20 day period expires five (5) days prior to the motion filing deadline. If a transcript

25 is received within five (5) days prior to a motion filing deadline, the transcript shall

26 be treated as Designated Materials until two (2) court days prior to the motion filing

27 deadline. Pending such designation by counsel, the entire deposition transcript,

28 including exhibits, shall be deemed "CONFIDENTIAL." If no designation is

received within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials; and

        c.     for information produced in non-paper media other than electronic documents (*e.g.*, videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which in the information or item is stored the legend "CONFIDENTIAL."  In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" and the hard copy, transcription, or printout shall be treated as it is designated.

10.    In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

11.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such information or items.  If, after prompt written notice of an inadvertent disclosure, the information or items is appropriately designated as "CONFIDENTIAL" after it was initially produced, the Receiving Party, upon timely notification of the designation, must make reasonable efforts to treat the Designated Materials in accordance with the provisions of this Order.

12.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3142149

- 8 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation ("Challenging Party"), such party shall provide to the Designating Party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith in a meet and confer under Local Rule 37-1 held within 15 days of the written notice of disagreement.  If the dispute cannot be resolved informally, the Designating Party may file a motion within 15 days requesting that the Court determine whether the disputed material shall be treated as "CONFIDENTIAL" under the Order and the Parties shall include a written stipulation regarding the dispute under Local Rule 37-2.  The Designating Party shall have the burden of proving that the information or item has been properly designated as "CONFIDENTIAL".  Discovery Material designated as Designated Materials shall retain this status until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

13.    If Designated Materials are disclosed to any person in a manner that is prohibited by this Order, the person responsible for the disclosure must immediately bring such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, take reasonable steps to prevent further unauthorized disclosure by it of such information.

14.    In the event any Receiving Party having possession, custody, or control of any Designated Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Designated Materials, such Receiving Party shall promptly notify counsel for the Designating Party of the subpoena or other process or order and furnish counsel for the Designating Party with a copy of said subpoena or other process or order.  The Designating Party shall have the burden of defending against such subpoena or other process or order.  However, nothing in this Order should be construed as authorizing

or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

15.     Entering into, agreeing to, or producing or receiving information designated as "CONFIDENTIAL" or otherwise complying with the terms of this Order shall not:

a.     operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

b.     reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;

c.     prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Order;

d.     prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; or

e.     prevent the parties from agreeing to alter or waive the protections or remedies provided in this Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties.  No modification of this Order by the parties shall have the force or effect of a Court order unless the Court approves the modification.

16.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order.

17.     Nothing contained herein shall preclude a producing party or non-party from using his, her, or its own confidential information, documents, or materials in

any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.  Depending on the circumstances, however, the disclosure to third parties by a producing party or non-party of its own confidential information may result in such information not meeting the definition of Designated Materials.

18.     After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein has been communicated or disclosed pursuant to the provisions of this Order.  The Court shall retain continuing jurisdiction to enforce the terms of this Order, subject to enforcement by the Court as may be necessary.

19.     Upon termination of this action, all Designated Material subject to this Order, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall be returned to counsel for the Designating Parties, or destroyed with notice thereof to counsel for the Designating Parties, no later than 60 days after termination of the action..  Termination of this action shall be taken and construed as the date forty-five (45) days following the later of: (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal.  If any Designated Materials have been furnished under this Order to any expert or other third-party, counsel for the party furnishing the information shall request in writing that all such Designated Materials, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, be returned to counsel or destroyed.  Notwithstanding this provision, no party shall be required hereunder to return or destroy any information that may exist on any electronic backup system.

//

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
                                    Respectfully submitted,
3
                                    HAGENS BERMAN SOBOL SHAPIRO
4                                   LLP

5

6    Dated:  September 30, 2014     By: */s/ Lee M. Gordon*
                                        Lee M. Gordon (SBN 174168)
7                                       *lee@hbsslaw.com*
                                        301 North Lake Avenue, Suite 203
8                                       Pasadena, CA  91101
                                        Telephone:  (213) 330-7150
9                                       Facsimile:  (213) 330-7152

10

11                                      STEVE W. BERMAN (*pro hac vice*)
                                        *steve@hbsslaw.com*
12                                      HAGENS BERMAN SOBOL
                                        SHAPIRO LLP
13                                      1918 8th Avenue, Suite 3300
                                        Seattle, WA  98101
14                                      Telephone:  (206) 623-7292
                                        Facsimile:  (206) 623-0594
15
                                        *Attorneys for Plaintiff and the*
16                                      *Proposed Class*

17

18                                  IRELL & MANELLA LLP

19

20   Dated:  September 30, 2014     By: */s/ John C. Hueston*
                                        John C. Hueston
21
                                        Attorneys for Defendants
22

23
     Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Lee M. Gordon, on
24   whose behalf this filing is jointly submitted, concurs in this filing's content and has
     authorized me to file this document.
25

26

27

28

1

2    IRELL & MANELLA LLP

3    Dated:  September 30, 2014          By:  /s/ John C. Hueston

4                                             John C. Hueston

5                                             Attorneys for Defendants

6

7                            **[PROPOSED] ORDER**

8        Pursuant to the Parties' Stipulated Protective Order, **IT IS SO ORDERED.**

9

10   Dated: October 01, 2014

11                                        HON. ROBERT N. BLOCK
                                          UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Josette Ruhnke v. SkinMedica, Inc., et al.*, Case No. 8:14-CV-00420-DOC (JPRx).   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name:        _____

Signature:        _____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3142149

- 14 -

[PROPOSED] STIPULATED PROTECTIVE ORDER